1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DWAYNE L. DILLMAN,                    No.  2:17-cv-00826 AC (PS)

12              Plaintiff,

13       v.                              ORDER

14  V. THAO,

15              Defendant.

16

17       Plaintiff, who filed this action while incarcerated but is no longer incarcerated, is

18  proceeding pro se.  This matter was accordingly referred to the undersigned by E.D.

19  Cal. 302(c)(21).  This matter was transferred to the Sacramento division of the Eastern District of

20  California on April 20, 2017.  ECF No. 6.  Prior to transfer, plaintiff was granted leave to proceed

21  in forma pauperis pursuant to 28 U.S.C. § 1915, but his complaint was not screened.  ECF No. 3.

22  The court now screens plaintiff's complaint and finds that it must be dismissed with leave to

23  amend for failure to state a claim upon which relief can be granted.

24                            I.  SCREENING

25       The federal IFP statute requires federal courts to dismiss a case if the action is legally

26  "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

27  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

28  Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

1

the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").
The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings suit against a police officer, defendant V. Thao. ECF No. 1 at 3. Plaintiff alleges that while being arrested he was "forced to endure the pain of [his] right knee popped out of place, unable to do anything because [his] hands were cuffed behind [his] back." Id. Plaintiff alleges that Officer Thao is employed with the Oroville Police Department and was on duty at the time of the incident, which took place on May 1, 2016 at 11:25 a.m. at the intersection of Elgin St. and Spencer Ave. in Oroville, CA. Id. Plaintiff states that he is "seeking monies" including all court fees and lawyer fees, and that he would like to have his case re-heard in Chico, CA. Id.

B. Analysis

The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to plaintiff is unclear from the complaint. It is not clear, for example, that the officer plaintiff is suing was involved in his arrest, as plaintiff merely alleges the officer was on duty at the time of his arrest. The court cannot tell from examining the complaint what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks.

II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in  sequentially

3

numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The contents of plaintiff's complaint indicate he may be attempting to bring a claim that his Fourth Amendment rights were violated by use of excessive force against him during his arrest. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "An objectively unreasonable use of force is constitutionally excessive and violates the Fourth Amendment's prohibition against unreasonable seizures." Torres v. City of Madera, 648 F.3d 1119, 1123-24 (9th Cir. 2011), cert. denied, 132 S. Ct. 1032 (2012). The Fourth Amendment requires police officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstances facing them. Tennessee v. Garner, 471 U.S. 1, 7–8 (1985). If plaintiff wishes to bring a claim alleging the excessive use of force, he must allege facts demonstrating that defendant used force that was "objectively unreasonable" in connection with his arrest.

If plaintiff wishes to bring a personal injury claim that does not involve a constitutional violation, he is advised that such a claim is not governed by federal law.

PRO SE PLAINTIFF'S SUMMARY

The court cannot tell from plaintiff's complaint what legal harm was done to him. The court is dismissing plaintiff's complaint, but allowing him to submit an amended complaint within 30 days of this order. If plaintiff chooses to submit an amended complaint, it must clearly state who did what to him, and why he believes he should be able to get legal relief. Plaintiff needs to tell the court, in simple terms, what laws he believes were violated, who he believes violated them, and how the violations impacted him. Without this information, the court cannot tell what legal claims plaintiff is trying to bring against the defendant. If plaintiff does not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  The complaint (ECF No. 1), is DISMISSED because it does not contain the short and

5

plain statement of the claim required by Rule 8(a); and

2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: April 2, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE